**Leo J. McKENNA, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 15201.**

United States Court of Appeals
Eighth Circuit.

April 26, 1956.

A. E. Sheridan, Waukon, Iowa, for appellant.

Alex Dim, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

Appellant was charged, tried and convicted on Count I of an indictment containing two counts, each count charging a violation of Section 145(b), Title 26 U.S.C., in that he wilfully and knowingly attempted to defeat and evade a large part of the income tax due and owing by him to the United States of America by filing and causing to be filed with the Collector of Internal Revenue for the District of Minnesota, a false and fraudulent income tax return. The indictment involved the calendar years 1947 and 1948 and the counts are substantially identical except as to the year covered and the amount of alleged income and income tax involved. Appellant was acquitted on Count II of the indictment covering the year 1948. We shall hereinafter refer to appellant as defendant.

At and for some years prior to the year 1947 defendant was and had been engaged in business as a new and used car dealer and as a new and used farm implement dealer at Caledonia, Minnesota. For the calendar year 1947 defendant in his income tax return reported his net income as $8,585.36 and his income tax as reported for that year was

$1,316.32. He reported his total receipts from the sale of new and used cars and farm machinery for the year 1947 as $90,927.08 and he reported that his inventory on January 1, 1947 was $4,716 and that his inventory at the close of the year 1947 was $5,150. He reported his wife as a dependent and she did not make a separate return. At the time of the trial defendant claimed that he had reported his income for the year 1947 on the cash basis but it was the contention of the government that he was reporting on the accrual basis and that the accrual basis was the appropriate method of reporting and calculating his gross and net income under Regulation 111, Section 29.41–2. His books and records as kept by him were incomplete and inadequate to clearly reflect his income and in these circumstances the government accountants calculated his income for the year 1947 on the accrual basis and found that to be $44,653.27. They also, for the alleged purpose of corroboration, calculated his net income for the year 1947 on the net worth basis to be $31,934.78. The government accountants also calculated defendant's net income for the year involved on the bank deposit basis to be $23,855.95.

In making sales defendant used a machine called a "whiz ticket machine" which makes duplicate tickets at the same time which are sort of sales slips. For the years 1947 and 1948 there were over six thousand of such "whiz tickets". When the government accountants first interviewed defendant in 1949 and questioned him concerning his records he told them that everything was in the whiz tickets and the cancelled checks and that everything in the whiz tickets was a reflection of what was happening and that they would be able to get their information from those particular records. He told them, "You can get it all from the whiz tickets and the cancelled checks, it's all there". Relying on defendant's statements the accountants prepared Government's Exhibit 171 which was a transcription of the whiz tickets for the year 1947. Although the government accountants asked for all his books and records defendant failed to disclose to them certain books and records which were produced by defendant for the first time at the trial of the case. Defendant as a witness in his own behalf admitted that he had not properly reported his gross receipts from the sale of new and used automobiles and new and used farm machinery for the year 1947 on his income tax return, and his wife testified that the bank account usually reflected the total of the sales from the whiz tickets. The government accountants were not supplied with the ledger sheets for the years 1947 and 1948 although they asked for all of defendant's records. The government accountants in calculating defendant's income on the accrual basis relied upon his statement that the so-called whiz tickets reflected everything that was happening and that they could get a record of all his financial transactions from the whiz tickets and cancelled checks. It was disclosed during the trial, however, that a large number of the whiz tickets were in effect duplicates arising from the fact that a whiz ticket was issued at the time of sale and a whiz ticket involving the same transaction was issued at the time of payment if the sale were not a cash one. These duplications amounted in the aggregate to $24,813.20 so that the net income of defendant as calculated on the accrual basis for 1947 was shown as $19,840.07. The evidence will be further developed during the course of this opinion.

Defendant was given a preliminary hearing January 29, 1954, at which time he was bound over to the grand jury and on February 20, 1954 the grand jury returned the indictment under which he was tried. On March 16, 1954 he filed motion for bill of particulars, to which the government responded by furnishing certain information demanded, and the court denied the motion as to all other demands not supplied by the government in response to his motion. Thereafter and on May 13, 1954, he filed motion for continuance which was supported by affidavit. This motion was denied and the

case was called for trial May 27, 1954. The trial continued for nineteen days. At the close of all the testimony defendant interposed a motion for acquittal which was denied and thereupon in due course the case was submitted to the jury on instructions to which no exceptions were saved by defendant, and the jury after due deliberation returned its verdict acquitting defendant on Count II of the indictment and finding him guilty as charged on Count I of the indictment. Thereafter and before entry of judgment defendant moved for judgment of acquittal notwithstanding the verdict or in the alternative for a new trial on the grounds set out in his motion for judgment of acquittal interposed at the close of all the evidence. This motion was in due course denied and the court entered judgment pursuant to the jury's verdict sentencing defendant to imprisonment for two and one-half years and to pay a fine of $5,-000. From the judgment and sentence thus entered defendant prosecutes this appeal prodigally charging innumerable alleged errors.

It will not be possible to consider in detail all of these alleged errors. While we have laboriously gone through this entire record and considered each charge of error we shall attempt as far as possible to group the questions presented and limit our discussion to such points as impress us as being substantial.

As has been observed, defendant filed a motion for a bill of particulars and also a motion for continuance. On consideration of the motion for bill of particulars the government furnished a substantial part of the information demanded and the court in its order passing on the motion said:

"1) Counsel for the Government has stated in open court that the Government is relying in this case on the accrual method of accounting rather than on the cash method;

"2) The Government has disclosed in open court that its theory in this case is based on defendant's understatement of adjusted gross income resulting in understatement of taxable net income. The Government has advised the Court and counsel for the defendant that it intends to corroborate such theory by the bank deposit method and net worth method;

"3) The Government has filed a receipt given by the defendant which discloses that all papers, books and documents heretofore obtained by Agents of the Internal Revenue Service from defendant were returned to the defendant;

"4) Counsel for the Government advised the Court that for the year 1947 the recapitulation of 1947 sales tickets, the so-called 'whiz tickets', have been delivered to counsel for defendant, as well as a summary of disbursements for that year. Counsel for the Government advises that it will deliver to counsel for defendant a recapitulation of the 1948 sales tickets, the so-called 'whiz tickets' as well as a summary of disbursements for 1948;

"5) In all other respects defendant's motions are herewith denied."

■■ The motion was addressed to the sound judicial discretion of the court and its ruling should not be reversed in the absence of an abuse of that discretion. Ray v. United States, 8 Cir., 197 F.2d 268. There was in our opinion no abuse of discretion in denying the motion, nor do we think its denial was prejudicial to defendant. The motion for continuance was likewise addressed to the discretion of the trial court and a careful consideration of the record convinces us that there was no abuse of discretion in denying the motion. Mellor v. United States, 8 Cir., 160 F.2d 757; Braatelien v. United States, 8 Cir., 147 F.2d 888.

■ It is strenuously urged that the court erred in denying defendant's motion for judgment of acquittal interposed by him at the close of all the evidence. In considering this contention we must view the evidence in a light

most favorable to the prevailing party and we must assume that all conflicts in the evidence were resolved by the jury in favor of the government. The government being the prevailing party was entitled to all such favorable inferences as might reasonably be drawn from the facts proven and if when so considered reasonable minds might reach different conclusions then the case presented questions of fact to be decided by the jury, rather than questions of law to be determined by the court. Myres v. United States, 8 Cir., 174 F.2d 329; Brinegar v. Green, 8 Cir., 117 F.2d 316; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Finnegan v. United States, 8 Cir., 204 F.2d 105. Defendant was charged by the indictment with wilfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1947, in violation of Section 145(b), Title 26 U.S.C. It was incumbent upon the government, in effect, to make proof that the defendant had attempted to evade a substantial part of his tax. It was not incumbent upon the government to prove with mathematical certainty the amount of the income tax due, nor was it incumbent upon the government to proceed to make its proof of the charge as laid in the indictment by any particular formula or method. It was not possible from the books and records kept by defendant to determine the exact amount of his income, and for that reason the government had to resort to some other means of proving the fact as charged in the indictment, to-wit, that the defendant had attempted to defeat and evade a large part of his income tax due for the year 1947. Section 41, Title 26 U.S.C., after providing that the net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed by him in keeping his books, also provides that:

"* * * if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

Treasury Regulation 111, Section 29.-22(c) (1) provides:

"In order to reflect the net income correctly, inventories at the beginning and end of each taxable year are necessary in every case in which the production, purchase, or sale of merchandise is an income-producing factor."

Treasury Regulation 111, Section 29.-41–1, provides as follows:

"* * * If the taxpayer does not regularly employ a method of accounting which clearly reflects his income, the computation shall be made in such manner as in the opinion of the Commissioner clearly reflects it."

Treasury Regulation 111, Section 29.-41–2, provides:

"* * * For instance, in any case in which it is necessary to use an inventory, no method of accounting in regard to purchases and sales will correctly reflect income except an accrual method."

It stands without dispute that the defendant's method of accounting regularly employed by him in keeping his books and records did not clearly reflect his income. While it was claimed that he made his income tax return on a cash basis, his books, so far as disclosed, were not kept upon that basis and his tax return did not disclose on its face that it was made on the cash basis. In fact, his tax return reported the opening and closing inventories for the year 1947, indicating that the report was on the accrual rather than the cash basis. Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 51 S.Ct. 11, 75 L.Ed. 234; Clark v. United States, 8 Cir., 211 F.2d 100. In these circumstances the government chose to make proof on the accrual method of accounting as provided in Treasury Regulation 111, Section 29.41–2, above quoted, and defendant

was so advised. The government made its proof on that basis and the evidence produced by the government indicated that defendant had understated his net income by $11,254.71. Not only did it produce this proof but it then introduced proof based on the net worth method of accounting and this proof indicated that defendant had understated his income for the year 1947 in the amount of $23,-349.42. To meet defendant's claim that he was reporting and keeping his records on a cash basis the government introduced evidence based on the bank deposit method and this proof indicated that defendant had understated his income for 1947 in the amount of $15,270.-59. It is urged that the government was not entitled to submit proof in support of the net worth method of accounting, nor on the bank deposit method, because in response to defendant's demand for bill of particulars it had announced that it would seek to make proof on the accrual method of accounting and that it had not proven the charge laid in the indictment on that basis. When the exhibit prepared by the government accountants on the accrual basis was, during the trial, purged of all duplicate items it showed a shortage in the defendant's report of net income of $11,254.71. The trial court in passing upon this contention, among other things, said:

"Under defendant's Exhibit Z-179, giving credit for duplications and other credits in the amount of $24,813.20, that would still reduce the net income on an accrual basis to $19,840.07. The understatement of net income would still be $11,254.-71. This, in the Court's opinion, is a substantial understatement of net income on which a substantial tax was due and owing for the calendar year 1947."

 It is, however, urged that there was no proof that the defendant in making his tax return acted wilfully and with wrongful intent. These are questions not generally susceptible of direct proof but may be inferred from the facts and circumstances attending the act and one may be presumed to intend the necessary and natural consequences of his acts. Myres v. United States, supra; Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 150 A.L.R. 1056. Whether or not the wrongful acts of the defendant were wilful and with wrongful intent were questions of fact to be determined by the jury on the entire record. They were presented to the jury by instructions to which no exceptions have been saved and we think the undisputed evidence abundantly sustains the jury's verdict on the question of intent. On this phase of the case we conclude that the evidence warranted the jury's verdict of guilty on Count I of the indictment.

 But it is urged that defendant did not have a fair trial because the court limited counsel in his cross-examination of one of the government's accountants. The alleged limitation of the right of cross-examination of this witness occurred after he had been under cross-examination for two or three days. He was being examined on exhibits which had not been received in evidence and the testimony was not for the purpose of laying a foundation for the reception of the exhibits, and, hence, was improper. Barnett v. Terminal R. Ass'n of St. Louis, 8 Cir., 228 F.2d 756. The immediate occasion for the ruling was after the witness had been re-examined by counsel for the government and further cross-examination was sought by counsel for the defendant. Replying to the statement relative to the propriety of further cross-examination the court said:

"* * * There is no further cross-examination required on that score because the witness has been thoroughly cross-examined on every phase of that question, as I remember it."

The scope of cross-examination is a matter within the discretion of the trial court and in the absence of an abuse of that discretion the ruling of the court will not be reversed. Myres v. United States, supra. In the instant case, as

has been observed, the cross-examination was exhaustive and time-consuming. We do not think any prejudice resulted to the defendant because of the limitation placed on the cross-examination of this witness.

 The contention that the defendant's wife's property was used in calculating his income is entitled only to passing notice. There was no contention before the lower court that the wife had any interest in defendant's property or that they were partners, and defendant's return for the year 1947 specifically treated his wife as a dependent and his wife made no separate return of income. The question is here raised for the first time and is wholly without merit.

 There are some general charges with reference to errors in the court's rulings on the admissibility of evidence. In presenting this contention defendant wholly disregards Rule 11(b) (3) of this court and it is not the province of the court to search the record for error.

 Over defendant's objection the witness Edward M. Wegner, a former bookkeeper for defendant, was permitted to testify with reference to certain statements in the nature of inquiries relative to the possibilities of evading income taxes by keeping a double set of books. The testimony was admissible on the question of defendant's intent and wilfullness. It is likewise urged that there was error in admitting in evidence tax returns made by defendant for years prior to those directly involved. They were all admissible and we have so held on numerous occasions. Leeby v. United States, 8 Cir., 192 F.2d 331; Hanson v. United States, 8 Cir., 186 F.2d 61; Kampmeyer v. United States, 8 Cir., 227 F.2d 313.

 It is contended that the court erred in refusing certain requested instructions. However, at the close of the instructions as given counsel for the respective parties were asked if there were any exceptions, to which counsel for defendant replied, "We have none, your Honor". Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C. provides:

"* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

 Furthermore, defendant cannot just generally state the refusal to give all of his requested thirteen instructions as error unless he distinctly points out the matter and grounds of his objection and this he has not done. Banks v. United States, 8 Cir., 223 F.2d 884; Mitchell v. United States, 8 Cir., 208 F.2d 854. A study of the instructions as given convinces us that all the material issues were properly submitted to the jury by these instructions and there was no prejudice in refusing to give the instructions as requested by defendant.

 It is finally argued that the court erred in submitting form of verdict because the jury was required to write the word "not" before the word "guilty" in a space provided for that purpose in the event they found defendant not guilty in any count of the indictment. The jury was fully instructed with reference to the form of verdict and advised that if they found defendant not guilty the word "not" should be written into the blank space before the word "guilty". In passing it is worthy of note that the jury manifestly understood the instruction, as the word "not" was inserted before the word "guilty' as to Count II of the indictment. There was no error in submitting the form of verdict. Hines v. United States, 10 Cir., 131 F.2d 971.

We have carefully considered all other contentions of the defendant and think they are without merit. Convinced as we are that the defendant had a fair and impartial trial, at which he was represented by able counsel, the judgment appealed from is affirmed.