Alonzo Allen **BUNN**, Appellant,

v.

**UNITED STATES** of America,
Appellee (two cases).

Nos. 15921, 15922.

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1958.

Arnold I. Feinberg, Minneapolis,. Minn., for appellant.

Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis (submitted upon the original papers and the typewritten transcript of the evidence) from a judgment and sentence of twenty years' imprisonment entered November 12, 1957, based upon the verdicts of a jury finding Alonzo Allen Bunn guilty on each of ten counts of two indictments, both returned on September 7, 1957, and consolidated for trial. The first indictment charged Bunn alone with seven violations of the federal narcotics laws, three under 21 U.S.C.A. § 174, two under 26 U.S.C. § 4705, and two under 26 U.S.C. § 4704. The second indictment charged him and a co-defendant (who was given a separate trial) with three such offenses, one under 21 U.S.C.A. § 174, one under 26 U.S.C. § 4705, and one under 26 U.S.C. § 4704. Bunn entered

a plea of not guilty to each indictment. Nine of the offenses charged against him were alleged to have been committed in July, 1957, and one in August. The trial commenced October 29, 1957.

Prior to the trial, Bunn had moved for a bill of particulars and for discovery. This motion was denied. At the commencement of the trial, Bunn asked that all Government witnesses be excluded from the courtroom except the witness being examined. The court ordered that the "special employee" or paid informer for the Government, the alleged purchaser of narcotics from Bunn, be excluded, but did not require the exclusion of other Government witnesses, who were a District Supervisor for the Federal Bureau of Narcotics, two agents for the Bureau, a Government chemist, and a Minneapolis Police Officer.

Several times during the trial, Bunn asked for a continuance upon the ground that the evidence produced by the Government was not previously known to him, and that he needed time to investigate and to prepare a defense against it. The motions for continuance were denied.

At the close of the evidence, Bunn made a motion for a directed verdict of acquittal. It was denied. The verdicts of the jury were returned November 4, 1957. On the same day, the United States Attorney filed an information against Bunn, charging that his conviction made him a second offender within the meaning of 21 U.S.C.A. § 174 and 26 U.S.C. § 7237. To the information, Bunn entered a plea of guilty. The court deferred sentence to November 12, 1957, and ordered a presentence investigation. On November 12, 1957, the court imposed on Bunn a single general sentence of twenty years' imprisonment on all counts of the two indictments. Thereafter the court denied a motion by the defendant for a new trial, based upon allegedly newly discovered evidence.

This is a typical narcotics case made by federal narcotics agents through the use of a paid Government informer or "special employee," who, according to the Government's evidence, was able to, and did, make the purchases of heroin upon which all counts of the two indictments (except the seventh count of the first indictment) were based. There was the usual prepurchase search of the informer by the agents, the furnishing of Government money to him, the keeping of him under observation while awaiting his contact with Bunn, the suspected peddler, the watching of the informer make contact with the peddler, the apparent passing from hand to hand of something between the parties, the handing by the informer to one of the agents of narcotics allegedly purchased by the informer from the peddler, and the postpurchase search of the informer by the agents, disclosing the absence of the money furnished him by them to make the purchase.

■ This case differs in no substantial respect from that of Affronti v. United States, 8 Cir., 145 F.2d 3, except that the evidence against Bunn is much stronger than was that against Affronti. Surely it is not necessary to repeat what was said in that case, and in other similar cases, about the sufficiency of such evidence to sustain a conviction. The theory that in a narcotics case the Government must prove its charges to a mathematical certainty and must use only informers of unquestioned integrity, is untenable.

■■ The first count of the first indictment charged that Bunn, on or about the fifteenth day of July, 1957, in the city of Minneapolis, Minnesota, sold 3.35 grains of smuggled heroin to Wallace Giles, Jr. By § 174 of Title 21 U.S.C.A., such a sale is a crime, and if it constitutes a second or subsequent offense "the offender shall be imprisoned not less than ten or more than forty years." Therefore, if Bunn was lawfully convicted on the first count of the first indictment, based on § 174 of Title 21 U. S.C.A., it is unnecessary for us to concern ourselves with, or to discuss, the other counts of the two indictments. This because a general sentence on sev-

eral counts of an indictment will be sustained on appeal if the defendant was properly convicted under any count which is good and is sufficient in itself to support the judgment and sentence. Gantz v. United States, 8 Cir., 127 F.2d 498, 501 and cases cited; Hulahan v. United States, 8 Cir., 214 F.2d 441, 442 and cases cited. The testimony of Giles, the informer, and that of the agents who searched him before and after his contact with Bunn, and who, according to their testimony, had Giles under observation at the time he met Bunn on the fifteenth day of July, 1957, when he made the sale of the heroin upon which the first count of the first indictment was based, obviously made the question of his guilt or innocence one for the jury, despite his testimony that he made no such sale. No error was committed by the court when it denied the motion of Bunn for a directed verdict.

The points upon which Bunn relies for reversal are: 1. That the court abused its discretion in the following respects: in denying the defendant's motions (a) for a bill of particulars and for discovery, (b) for a continuance, and (c) for the segregation of all witnesses. 2. That the trial was unfair, and that the court erred in not granting Bunn's motion, made after verdict, for a new trial on the ground of newly discovered evidence.

■ Since the indictments in this case followed substantially the words of the statutes, embodied all the elements of the crimes charged, and informed the defendant of each offense charged against him with sufficient particularity to enable him to prepare his defense and to plead the judgment in bar of any further prosecution for the same offenses (see United States v. Debrow, 346 U.S. 374, 377–378, 74 S.Ct. 113, 98 L.Ed. 92; Hewitt v. United States, 8 Cir., 110 F.2d 1, 5–6; McKenna v. United States, 8 Cir., 232 F.2d 431, 435), we cannot conceive how the District Judge could have abused his discretion in denying the defendant's motion for a bill of particulars and for the discovery of the Government's evidence in advance of the trial. See, also, Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and Title 18 U.S.C. § 3500.

■ The granting of continuances before or during a trial is discretionary with the trial court. Hewitt v. United States, supra, at pages 7–8 of 110 F.2d, and cases cited; McKenna v. United States, supra, at page 435 of 232 F.2d. This Court will not retroactively attempt to substitute its discretion for that of a trial judge as to matters which have to do with the orderly conduct of a trial before him and which concern not only the defendant and the Government, but witnesses, jurors, and the court itself. The defendant here has not demonstrated error or prejudice in the court's refusal to interrupt the trial by granting continuances requested by him.

■ The sequestration of witnesses during a trial is within the discretion of the trial judge. Here, he obviously concluded that there would be no adequate reason for excluding the agents of the Bureau of Narcotics who had procured the evidence against the defendant and who were, no doubt, of assistance to counsel for the Government at the trial. There would have been no sense in excluding the Government chemist, who was present to testify as to the contents of the capsules allegedly purchased from the defendant. The likelihood of the City Police Officer being swayed from the truth by hearing others testify was negligible. Since there was a possibility that the informer's testimony might be colored by that given by the agents from the witness stand, the court properly ordered him excluded from the courtroom during their testimony.

Our reading of the complete typewritten record in this case fails to disclose any basis for the defendant's assertion that the trial was unfair or that the court committed error, either prejudicial or otherwise.

The judgment appealed from is affirmed.