**UNITED STATES of America, Appellee,**

v.

**Alfred ADAMS, Appellant.**

**No. 20219.**

United States Court of Appeals, Eighth Circuit.

Feb. 16, 1971.

Robert L. Rodarte, Kansas City, Mo., for appellant.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Anthony P. Nugent, Jr., Asst. U. S. Atty., for appellee.

Before CLARK, Associate Justice,*

BRIGHT, Circuit Judge, and HARPER, District Judge.

PER CURIAM.

Alfred Adams, defendant-appellant, appeals from a judgment of conviction in a jury-waived case of possessing a firearm not registered in violation of 26 U.S.C.A. § 5861(d). Defendant's only contention of error is that the evidence is insufficient to support the judgment.

In determining the sufficiency of the evidence on appeal, this court in Latham v. United States, 407 F.2d 1, 2 (8th Cir. 1969), stated the standard that is to be applied in cases of this nature:

> "In cases of this kind, it is settled law that in determining the sufficiency of the evidence to justify a guilty verdict, we must sustain the verdict if there is substantial evidence in support thereof when viewed in the light most favorable to the Government. (Citing cases.)"

---

* The Honorable Tom C. Clark, retired Associate Justice of the United States Supreme Court, sitting by special designation.

Viewed in this light, the pertinent facts are as follows: Detectives Armstrong, Eapman and Luther, and Officer Smith were on duty with the Kansas City Police Department on May 18, 1969. They overheard a radio call which informed them that three men armed with guns were on a rooftop across from a cafe. Being in the area, they proceeded to the scene. Detective Armstrong testified that in approaching the reported area he saw three men on the roof. Armstrong then identified the defendant as one of the three men on the roof, stated that he observed the defendant throw down a gun, and that he followed the gun from the defendant's hand to where it landed, and thereafter immediately retrieved the gun. Eapman testified that the defendant was one of the three men that ran from the roof and that he then pursued the defendant and captured him. Luther testified that the defendant was on the roof and that he threw a shotgun down. In his own behalf, the defendant took the stand and stated that he was neither on the roof nor was he in the possession of a gun. The defendant's testimony was corroborated by Aaron Kelly.

The defendant's position on appeal is that he cannot be said to be in possession of a gun when the evidence only establishes that he threw the gun down. The defendant contends that the evidence does not establish possession. In light of the testimony of Detectives Armstrong, Eapman and Luther, such a contention is frivolous.

The judge was warranted from the evidence in finding the defendant guilty of the crime with which he was charged. See Kayser v. United States, 394 F.2d 601, 604 (8th Cir. 1968), cert. den. 393 U.S. 919, 89 S.Ct. 250, 21 L.Ed. 2d 206 (1968); Moodyes v. United States, 400 F.2d 360, 363 (8th Cir. 1968), cert. den. 397 U.S. 998, 90 S.Ct. 1141, 25 L.Ed.2d 407 (1970); and Latham v. United States, supra.

Affirmed.