**UNITED STATES of America, Appellee,**

v.

**Melvin CALICUTT, Appellant.**

**No. 78–1905.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1979.

Decided May 11, 1979.

Ronald L. Cupples, Clayton, Mo. (argued), and Barbara W. Wallace, Clayton, Mo., on brief for appellant.

Kevin F. O'Malley, Asst. U. S. Atty., St. Louis, Mo. (argued), and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and BOGUE,* District Judge.

PER CURIAM.

Defendant was indicted for violation of § 5861(d) and § 5871, Title 26, United States Code (Possession of an Unregistered Firearm), and § 1202(a)(1), Title 18, United States Code, App. (Possession of a Firearm by a Felon). On December 4, 1978, defendant's two-day trial commenced. The relevant facts are as follows: On Saturday night, August 6, 1977, at approximately 10:40 p. m., officers of the St. Louis Police Department responded to a report of "shots fired" at the residence of Beverly McClendon at 4326 Randall, St. Louis, Missouri. Detectives Ronald Klier and Ronald Henderson arrived first on the scene. After interviewing McClendon and her friend, Dwight Brand, the officers departed looking for the defendant who they were told was driving a blue 1966 Chevrolet. The officers travelled only a few feet on Ran-

* The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

dall when they saw the defendant as a passenger in a 1966 blue Chevrolet. Officer Klier immediately motioned the driver of the Chevrolet to pull to the curb and stop. The Chevrolet did, in fact, pull to the curb, but drove several yards ahead before it came to a complete stop in front of 4316 Randall. As soon as Klier had stopped his automobile, he got out and walked to the passenger side of the blue Chevrolet. As Klier was moving towards the car, the appellant got out of his car and with one motion, withdrew a .22 caliber sawed-off rifle from underneath his shirt or pants and threw it into an almost empty trash can to his immediate right. Two officers testified that they saw the defendant remove something from his shirt and throw it into a trash can. A third officer testified that he saw a sawed-off rifle of some type being thrown into the trash can by the defendant. Officer Klier then reached into the can and retrieved the weapon. Calicutt was then placed under arrest. The driver of the automobile, identified as one Robert Hamilton, was also arrested. Both individuals were taken to the police headquarters where Calicutt was searched. One live .22 caliber round was found in the defendant's right front trouser pocket. Ten live rounds were also removed from the weapon. Defendant took the stand in his own behalf and testified that at no time did he throw anything into a trash can. Defendant further testified he did not have a gun on him at any time and was not guilty of the charges under the indictment.

■ The defendant raises two issues on appeal. First he contends that the trial court erred in failing to grant defendant a continuance upon defendant's request. Defendant's request for a continuance was made after he discovered his subpoenaed eye witness failed to appear for trial.

> The granting of motions for continuance before or during trial is discretionary with the trial court. In the absence of a clear abuse of discretion, the action of the trial court will be sustained. *Bunn v. United States,* 8th Cir., 260 F.2d 313, 316; *Kansas City Star Co. v. United States,*

8th Cir., 240 F.2d 643, 651; *McKenna v. United States,* 8th Cir., 232 F.2d 431, 435. In the *Bunn* case we stated, "This Court will not retroactively attempt to substitute its discretion for that of a trial judge as to matters which have to do with the orderly conduct of the trial before him in which concern not only the defendant and the government, but witnesses, jurors, and the court itself." [250 [260] F.2d 316.] as cited in *Johnson v. United States,* 291 F.2d 150 (8th Cir. 1961).

In this instance, the witness who did not appear under subpoena was to be used by the defendant to discredit testimony of certain prosecution witnesses. Defendant's motion for a continuance was not made until after the defense had rested. The defendant also failed to establish to the court that substantially favorable testimony would be tendered by the witness. It appears that the testimony of defendant's witness would be of little assistance since it would be impeached by the introduction of the police report and the prior testimony of all three police officers. Finally, there was no assurance to the court that a delay would have assured this witness's appearance at a later time. The trial court did not abuse its discretion in overruling the motion for continuance.

■ Secondly, defendant contends the trial court erred in failing to sustain defendant's motion of acquittal at the end of the presentation of the evidence for the reason that there was not substantial evidence to support the charges against the defendant. In considering Calicutt's assertion that the government's case was insufficient to support his conviction, we must review the evidence in the light most favorable to the government and draw all reasonable inferences in support of the jury verdict. *United States v. Lanier,* 578 F.2d 1246, 1249 (8th Cir. 1978); *United States v. Bass,* 472 F.2d 207, 213 (8th Cir.) *cert. denied,* 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973). After thoroughly examining the evidence presented in this case, we are convinced that it was sufficient to support the jury's verdict.

The trial court properly denied defendant's motion for judgment of acquittal.

Affirmed.