## In the
## United States Court of Appeals
### For the Seventh Circuit

No. 08-3863

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

URIEL CARRILLO-ESPARZA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CR 150-1—**Blanche M. Manning**, *Judge.*

ARGUED OCTOBER 15, 2009—DECIDED JANUARY 5, 2010

Before RIPPLE, MANION, and KANNE, *Circuit Judges*.

PER CURIAM. Uriel Carrillo-Esparza, who had twice previously been convicted for aggravated felonies and deported to Mexico, pleaded guilty to illegally re-entering the United States. *See* 8 U.S.C. § 1326(a)-(b)(2). The district court sentenced him to 90 months' imprisonment. Carrillo-Esparza argues that the court erred by failing to consider his contention that the time remaining on his sentence for state offenses supported a reduced sentence. Because the district court implicitly considered and

rejected Carrillo-Esparza's argument and properly considered the sentencing factors in 18 U.S.C. § 3553(a), we affirm.

**Background**

Though not a legal resident of the United States, Carrillo-Esparza has lived in the Chicago area since the age of one—except for the times he has been incarcerated or deported to Mexico. He was first deported in 1994, following his state conviction in 1993 for attempted first-degree murder. He re-entered the United States illegally in either 1994 or 1995. In 1996 he pleaded guilty in federal court to a charge of illegal re-entry, and later that year he was convicted of burglary in state court. After serving his federal and state sentences concurrently, he was deported in 1999. Carrillo-Esparza re-entered the United States illegally again, presumably in 2002. He was convicted in state court in 2006 of driving under the influence and forgery (relating to an incident in 2003), fleeing and eluding police (relating to an incident in 2005), and residential burglary (relating to an incident in 2005).

Carrillo-Esparza pleaded guilty in 2008 to re-entering the United States illegally after his prior aggravated-felony convictions and subsequent deportations. *See* 8 U.S.C. § 1326(a)-(b)(2). At his sentencing hearing later that year, he questioned the effect of the 2006 state sentence, which was expected to run until September 2009. Carrillo-Esparza's sentence for this offense would not begin until then—a fact, he argued, that supported a

sentence below the guidelines range in the district court's § 3553(a) analysis.

The district court did not address that specific argument, but it did consider the § 3553(a) factors and imposed a sentence of 90 months, near the high end of the properly calculated guidelines range of 77 to 96 months. Although the court expressed some sympathy for Carrillo-Esparza's circumstances—his entire family was in the Chicago area—it emphasized that he had done everything "the wrong way" by re-entering without permission, and pointed to his "checkered criminal history." It also cited a "significant need to deter [him] from this kind of behavior with a substantial penalty."

## Discussion

Carrillo-Esparza challenges his sentence on appeal, contending that the district court erred procedurally by not considering his argument for a lower sentence in light of the time remaining on his state sentence. He argues that the undischarged time on that sentence supported a reduced sentence under the court's required consideration of such § 3553(a) factors as his history and characteristics, the statutory goals of sentencing, and the kinds of sentences available.

A district court need not address every argument a defendant makes at sentencing, but it must address an argument of "recognized legal merit." *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). In sen-

tencing the defendant, the court must comply with
§ 3553(a) by giving meaningful consideration to the
statutory factors. *United States v. Tahzib*, 513 F.3d 692, 695
(7th Cir. 2008). An adequate statement of reasons why
its sentence is appropriate and consistent with § 3553(a)
will suffice. *United States v. Alden*, 527 F.3d 653, 662
(7th Cir. 2008).

Although the district court, in its ruling, did not explic-
itly mention the undischarged time on Carrillo-Esparza's
state sentence, it did implicitly consider and reject that
time as a basis for a lower sentence. At sentencing, Carrillo-
Esparza and his attorney informed the court of his state
offenses and his expected parole date. The court, through
follow-up questions, confirmed the details of the state
sentence, including the underlying offenses and Carrillo-
Esparza's parole date. It then referred to the sentencing
goals in § 3553(a) when it emphasized the need to deter
Carrillo-Esparza from illegal re-entry and other criminal
behavior. *See* 18 U.S.C. § 3553(a)(2)(B). The court's order
also noted that Carrillo-Esparza was serving time for
his state offenses, and it acknowledged a great need to
protect others from him. *See* 18 U.S.C. § 3553(a)(2)(C).
The court ultimately imposed a sentence within the
guidelines range, and Carrillo-Esparza has not rebutted
our presumption that such a sentence is reasonable.
*See Alden*, 527 F.3d at 662.

Carrillo-Esparza now argues for the first time that
because the district court had discretion under U.S.S.G.
§ 5G1.3(c) to run this sentence concurrently to his undis-
charged sentence—which would have resulted, essen-

tially, in a reduced sentence—it also could have relied on his undischarged time to impose a reduced sentence under § 3553(a).

At bottom, Carrillo-Esparza's § 5G1.3(c) argument appears simply to be a revival of his meritless argument that the district court did not meaningfully consider the time remaining on his state sentence before imposing its sentence. To the extent Carrillo-Esparza is raising any new arguments—that the court should have considered § 5G1.3(c) or imposed a concurrent sentence—he has forfeited them. He did not refer to § 5G1.3(c) before the district court or in his sentencing memorandum, and he did not ask for a concurrent sentence. *See Houskins v. Sheahan*, 549 F.3d 480, 496 (7th Cir. 2008).

Our recent decision in *United States v. Villegas-Miranda*, 579 F.3d 798 (7th Cir. 2009), does not affect our decision here. We vacated the sentence in that case after the district court failed to address the defendant's argument that the government's intentional delay in charging him with illegal re-entry had deprived him of the opportunity to serve his state and federal sentences concurrently. Carrillo-Esparza's case is distinct from *Villegas-Miranda* in at least two ways. First, he does not argue that there was any delay—intentional or otherwise—in charging him. Second, Carrillo-Esparza did not lose his opportunity to ask the district court to run his federal sentence concurrently to his state sentence; he simply never asked.

AFFIRMED.