NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 27, 2011
Decided May 13, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3438

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:10-cr-40-001 |
| CHARLES EDWARD PORTER, *Defendant-Appellant.* | James T. Moody, *Judge.* |

**O R D E R**

Charles Edward Porter pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The district court sentenced Porter to 21 months' imprisonment, the high end of the guidelines range. On appeal, Porter argues that the district court did not adequately consider whether his limited possession of the gun warranted a shorter sentence. We affirm.

In 2008 Porter was charged in Indiana state court with carrying a handgun without a permit after police caught him firing a gun in the air during a fight in a restaurant parking lot. In November 2009, while this felony charge was pending, Porter went to Westforth Sports and put a .357 Sig Sauser semi-automatic pistol on layaway.

One month later Porter pleaded guilty in the 2008 case to a reduced charge of criminal recklessness, a class D felony, received a suspended sentence of 18 months' imprisonment, and was placed on probation. After sentencing, Porter signed off on the conditions of his probation, acknowledging, among other things, that he could not possess any firearms while on probation. He also received a notice warning him that, as a convicted felon, he could be prosecuted under federal law for possession of a firearm.

The following month Porter returned to the sports shop, falsely certified that he had never been convicted of a felony, paid the remaining balance, and took the gun. When Porter's background check came back, however, an ATF agent was dispatched to retrieve the gun. Porter told the agent that he had given the gun to his girlfriend and claimed that he was unaware that he was a convicted felon. The next day his girlfriend delivered the gun to ATF agents.

Porter was indicted for making false statements in connection with acquiring a firearm, and being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(a)(6), (g)(1). He pleaded guilty to the possession charge.

Prior to sentencing Porter filed a memorandum requesting time served (175 days at that point) and 10 months of home confinement. He argued that a below-range sentence was warranted because he had possessed the gun for only two days. The government filed a sentencing memorandum seeking a sentence of 21 months' imprisonment, the top of the guidelines range, based on Porter's criminal history, which includes a conviction for carrying a handgun without a license in 2000 and his felony criminal-recklessness conviction for firing a gun during a fight outside a restaurant in 2008. The government also argued, in reply to Porter's argument in mitigation, that Porter continued to have access to the gun even after he gave it to his girlfriend because he did not have a regular residence and sometimes stayed with her.

At the sentencing hearing the judge confirmed that Porter sometimes stayed at the house where his girlfriend was keeping the gun. The judge also questioned Porter about his relationship with his children, his employment history, his history of drug and alcohol abuse, and his past crimes. At the conclusion of the hearing, the judge noted that he had fully considered "the mitigating and aggravating factors and circumstances," including those "contained in the parties' sentencing memoranda." With respect to Porter's argument for a lesser sentence, the judge explained that "the defendant's request for a sentence which varies or deviates from the applicable advisory guideline sentencing range is just not persuasive because the facts and circumstances described by the defendant do not warrant such a deviation or variance, so the defendant's request for such a deviation or variance is denied."

On appeal, Porter argues that the district court misapplied 18 U.S.C. § 3553(a) by disregarding his request for a reduced sentence based on his limited possession of the gun, and urges us to remand for resentencing. Porter maintains that the district court was required to give more explicit consideration to his argument for a sentence below the guidelines range.

We presume that a within-guidelines sentence is reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007), but still must ensure that the district court did not commit any procedural error, such as ignoring the sentencing factors in § 3553(a), *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentencing court must give meaningful consideration to the § 3553(a) factors, *United States v. Carrillo-Esparza*, 590 F.3d 538, 540 (7th Cir. 2010), but need not address every argument that a defendant makes at sentencing, *United States v. Pulley*, 601 F.3d 660, 667 (7th Cir. 2010) ("The court is not required to consider every 'stock' argument, but it must address the defendant's principal arguments."); *United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009) (explaining that courts need not address arguments that are weak, insubstantial, or meritless); *United States v. Cunningham*, 429 F.3d 673, 678-79 (7th Cir. 2005) (explaining that a sentencing court must address all of a defendant's principal arguments that are "not so weak as not to merit discussion").

Porter's request for a below-range sentence based on his "brief" possession of the gun did not warrant extensive discussion. Even assuming Porter had the gun for only two days, the circumstances of his offense are hardly unusual. *See, e.g.*, *United States v. Byers*, 603 F.3d 503, 507 (8th Cir. 2010) (explaining that brief possession of gun sufficient to support conviction); *United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010) (possession for one hour); *United states v. Matthews*, 520 F.3d 806, 807 (7th Cir. 2008) (holding firearms for a few seconds sufficient); *United States v. Baker*, 508 F.3d 1321, 1325-26 n.2 (10th Cir. 2007) (holding that § 922(g) criminalizes possession for even a mere second or two). Porter argues that the judge should have further discussed his argument for a shorter sentence, but the district court was not required to give extensive consideration to arguments that do not meaningfully distinguish Porter from other defendants charged with violating § 922(g). *Cf. United States v. Hall*, 608 F.3d 340, 347 (7th Cir. 2010). The district court acknowledged Porter's argument but did not find it persuasive. Moreover, Porter purchased the gun within months of pleading guilty to another firearms offense and acknowledging that he could not possess firearms while on probation. Porter's sentence is reasonable.

Accordingly, we AFFIRM Porter's sentence.