# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1380

_____

United States of America

*Plaintiff - Appellee*

v.

Jay Littlewind, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: December 15, 2016
Filed: February 27, 2017
[Unpublished]

_____

Before KELLY and MURPHY, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

PER CURIAM.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

Jay Littlewind, Sr. was convicted by a jury of sexually abusing a minor in violation of 18 U.S.C. § 2241(c). At trial, the district court[2] permitted a forensic interviewer to testify about her interview of the victim, including a description of the protocol that she followed. Littlewind appeals, contending that the district court erred by admitting this evidence. We affirm.

In early 2008, Littlewind used his fingers to penetrate the vagina of his girlfriend's seven year old daughter, L.D., who did not report his action to her mother. Four years later in 2012, L.D. did tell her grandmother and aunt about the incident, but it was not reported to authorities until 2014. At that time, L.D. told her cousin's boyfriend about Littlewind's conduct, and her cousin's therapist filled out an SFN 960 form. That is a type of form used in North Dakota to report suspected child abuse or neglect.

After FBI Special Agent Brian Cima received the SFN 960 form, he began an investigation. He arranged for L.D. to be interviewed by a forensic interviewer at the Red River Children's Advocacy Center in Fargo, North Dakota. L.D. was interviewed there by Jill Perez, and disclosed her sexual abuse by Littlewind. Agent Cima observed the interview on closed circuit television. Thereafter, Cima opened a full investigation into Littlewind's conduct. Littlewind was then indicted on one count of aggravated sexual abuse of a child in violation of 18 U.S.C. § 2241(c).

Littlewind was tried by a jury which failed to reach a unanimous verdict, and a mistrial was declared. Before Littlewind's second trial, he moved to exclude or limit the testimony of interviewer Perez. The district court denied the motion after concluding that testimony by Perez would be relevant to explain Cima's investigation. The court limited the testimony, however, and precluded Perez from stating whom

---

[2]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

L.D. had identified as her abuser, whether a delay in reporting abuse was common in sexual assault cases, and whether she believed L.D. was truthful in the interview.

Approximately half of the Perez testimony at trial was a description of the forensic interview protocol, which included discussions with the interviewee about the "importance of telling the truth." Perez testified that she had followed the protocol during her interview of L.D. and that she viewed her own role as that of a "neutral party." Perez also reported that L.D. had disclosed that she had been abused, but not that she had identified Littlewind as her abuser. Littlewind was convicted and sentenced to 360 months. He now appeals, challenging the admission of the testimony by Perez.

We review a district court's evidentiary rulings for abuse of discretion, and will reverse "only when an improper evidentiary ruling has affected substantial rights or had more than a slight effect on the verdict." United States v. Naiden, 424 F.3d 718, 722 (8th Cir. 2005). Littlewind first argues that the Perez testimony should have been excluded as irrelevant. Under Federal of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." The drafters of the rule point out that "[e]vidence which is essentially background in nature" is often considered relevant and "admitted as an aid to understanding" the case. Fed. R. Evid. 401, Advisory Committee's 1972 note to proposed rule.

Here, the district court did not err by concluding that the Perez testimony provided relevant background information. Juries are "entitled to know the circumstances and background of a criminal charge." United States v. Byers, 603 F.3d 503, 506 (8th Cir. 2010) (quoting United States v. LaDue, 561 F.3d 855, 857 (8th Cir. 2009)). Such background information may address the process that led authorities to begin their investigation, United States v. Johnson, 934 F.2d 936, 942–43 (8th Cir. 1991), and Perez provided relevant information which helped the

jury understand Agent Cima's investigative process. His testimony described his receipt of the SFN 960 form reporting suspected child abuse and his coordination of the forensic interview. Cima also testified that it was only after the forensic interview that he had opened a full investigation into the alleged abuse. The Perez testimony about her forensic interview was intended to help the jury better understand the nature of his investigation.

Littlewind alternatively argues that even if the Perez testimony was relevant, it should have been excluded under Federal Rule of Evidence 403. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Because background evidence may have "only marginal relevance, it is more susceptible to exclusion under Rule 403's balancing of prejudice and probative value." United States v. Boros, 668 F.3d 901, 908 (7th Cir. 2012).

Assuming Littlewind were correct that the district court erred by failing to exclude the Perez testimony, such failure would have been harmless. See Fed. R. Crim. P. 52(a). Even if the jury inferred from it that L.D. had disclosed Littlewind as her abuser and that Perez had perceived L.D.'s disclosure to be truthful, the forensic interview "was only one of several instances" during the trial when L.D. had identified him. See United States v. Azure, 845 F.2d 1503, 1507 (8th Cir. 1988). In addition to L.D.'s testimony, the jury also heard from two other individuals who had been told by her about her sexual abuse by Littlewind, once in 2012 and again in 2014. Furthermore, the government primarily used the Perez testimony for the purpose for which it had been admitted, to provide background information on Cima's investigation. The government did not even refer in its closing argument to the protocol Perez employed, but rather focused on the fact that the interview had taken place after Cima received the SFN 960 form but before he had opened a full investigation.

-4-

In light of the entire record in this case, we conclude that the Perez testimony "could not have had more than a slight influence on the outcome of the trial," and any error in admitting that evidence would have been harmless. See United States v. Robinson, 639 F.3d 489, 494 (8th Cir. 2011). For these reasons, the judgment of the district court is affirmed.

KELLY, Circuit Judge, dissenting.

In my view, Perez's testimony was substantially more prejudicial than probative, and was therefore inadmissible under Rule 403. The district court concluded that Perez's testimony was relevant to provide background information about the investigation because Agent Cima testified that L.D.'s disclosure in the interview prompted him to investigate Littlewind. But more than half of Perez's testimony related to her experience, her interview protocol, and her role as a "neutral party" in forensic interviews. The government established no connection between that portion of the testimony and Agent Cima's decision to pursue the investigation. The testimony's minimal probative value was substantially outweighed by its unduly prejudicial impact. Although Perez did not testify to the substance of L.D.'s disclosure, the jury easily could have inferred that L.D. identified Littlewind as her abuser, and that Perez believed L.D. was telling the truth. And Perez's testimony about her credentials and interview protocol presented a serious risk that the jury would believe she had special insight into the veracity of L.D.'s allegations—improperly bolstering L.D.'s credibility. Further, I do not believe that Perez's testimony was harmless. Because L.D. and Littlewind were the only two witnesses to the crime for which Littlewind was convicted, the credibility of L.D.'s testimony was of paramount importance to the verdict. Accordingly, I respectfully dissent.

---